ORIGINAL

JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
JASON JAMES, individually and on behalf of all others similarly situated

### DEFENDANTS
DELOITTE & TOUCHE LLP

**(b)** County of Residence of First Listed Plaintiff Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Edward J. Wynne (SBN 165819)
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904 Telephone: (415) 461-6400

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | [X] 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.

Brief description of cause:
Failure by Defendant to pay overtime compensation to its Uncertified Associates in its Assurance Line of business

### VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Brady, et al. v. Deloitte & Touche LLP (C-08-00177 SI)

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE April 18, 2011

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1  Edward J. Wynne  (SBN 165819)
   ewynne@wynnelawfirm.com
2  J.E.B. Pickett  (SBN 154294)
   jebpickett@wynnelawfirm.com
3  WYNNE LAW FIRM
   100 Drakes Landing Road, Suite 275
4  Greenbrae, CA 94904
   Telephone (415) 461-6400
5  Facsimile  (415) 461-3900

6  **Attorneys for Plaintiff**
   **Jason James**
7

E-filing

FILED
2011 APR 26 A 11:09
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

MEJ

| | |
|---|---|
| JASON JAMES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DELOITTE & TOUCHE LLP, a limited liability partnership,<br><br>Defendant. | CASE NO. CV 11 2027<br><br>[COLLECTIVE ACTION]<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

---

1
COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

## COLLECTIVE ACTION COMPLAINT

Representative Plaintiff JASON JAMES ("Plaintiff" or "James"), on behalf of himself and all others similarly situated, brings this collective action to challenge Defendant's lucrative, repressive, and willful business practices and hereby demands a trial by jury and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this case against Defendant Deloitte & Touche LLP ("Defendant" or "Deloitte") as a collective action to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of a class of current and former Uncertified Audit Associates who worked in Defendant's Audit line of service.

2. A California sub-group of these employees has been found to be similarly situated for purposes of a FRCP Rule 23 class action in the case of *James Brady, et. al v. Deloitte and Touche LLP*, 2010 WL 1200045 (N.D. Cal. 2010).

3. Individuals employed as Associates and/or Senior Associates in Defendant's Audit line of service who are not Certified Public Accountants ("Uncertified Audit Associates") routinely work in excess of forty (40) hours per week and are not paid overtime for these hours, even though they do not qualify as exempt employees.

4. By the conduct described in this Complaint, Defendant has violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act") by failing to pay Uncertified Audit Associates, including Plaintiff, overtime as required by law. These violations of the FLSA by Defendant arose out of Defendant's company-wide policies and its pattern or practice of violating wage and hour laws.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 201 *et. seq.* and 28 U.S.C. § 1331.

6. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Further, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district. In particular, Defendant maintains an office in San Francisco, California.

## PARTIES

### Plaintiff Jason James

9. Plaintiff James is an adult individual is a California resident who worked for Defendant in the class period.

10. James was an Uncertified Audit Associate employed by Defendant as an Associate in the Assurance line of service in the State of California during the statutory period covered by this Complaint, whom Defendant failed to compensate for all hours worked, including premium compensation at one and one-half times his regular rate for all hours above and beyond forty (40) hours in any given workweek.

11. Throughout the relevant period, James was a covered employee within the meaning of the FLSA.

12. James' written consent to join this case pursuant to 29 U.S.C. § 216(b) is attached

as Exhibit A.

**Defendant**

13.     Deloitte & Touche LLP is a Delaware limited liability partnership with its headquarters located at 1633 Broadway in New York City.

14.     Defendant is a subsidiary of Deloitte LLP, the U.S.-member firm of Deloitte Touche Tohmatsu Limited, an audit, advisory, tax, risk management, and consulting services firm with 165,000 global employees, and which had combined revenues of $26.6 billion in 2010.

15.     Upon information and belief, Defendant employs several thousand Uncertified Audit Associates in three primary lines of service – Audit and Enterprise Risk Services, Advisory and Tax. At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the State of California. Defendant has employed, upon information and belief, thousands of Uncertified Audit Associates in its Audit and Enterprise Risk Services line throughout the United States at any one time during the relevant class period.

16.     Throughout the relevant period, Defendant maintained control, oversight, and direction over Plaintiff and similarly situated employees, including the payroll and other employment practices that applied to them.

17.     Throughout the relevant period, Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA.

18.     Defendant is an employer within the meaning of the FLSA.

19.     Defendant applies the same employment policies, practices, and procedures, including with respect to the payment of overtime, to all Uncertified Audit Associates throughout the United States.

20.     Defendant has classified all Uncertified Audit Associates as exempt from the

overtime requirements of state and federal law.

## FACTS

21. Defendant provides its audit services by utilizing audit engagement teams.

22. The lowest levels of the engagement team are made up of Uncertified Audit Associates.

23. Throughout the relevant time period, it has been Defendant's nationwide policy to deprive its Uncertified Audit Associates of earned overtime wages. In order to avoid paying overtime wages, Defendant has across the board wrongly classified its Uncertified Audit Associates as exempt employees not entitled to overtime. However, these Uncertified Audit Associates do not qualify as exempt as their primary duties are not exempt. Moreover, Uncertified Audit Associates, perform their duties without discretion and judgment and under close supervision by senior members of the engagement team.

24. The duties of Uncertified Audit Associates are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

25. In completing their duties, Uncertified Audit Associates were subjected to the same policies, procedures, and work structure.

26. To ensure that Uncertified Audit Associates perform their tasks in an appropriate manner they attend standardized national internal training.

27. Likewise, Uncertified Audit Associates were subjected to the same evaluation process.

28. Moreover, Uncertified Audit Associates' duties and responsibilities are highly regulated and controlled by Defendant's uniform policies and procedures for conducting all phrases of an audit. These policies include but are not limited to Defendant's Audit

methodology and Audit Programs.

29. Uncertified Audit Associates' duties and responsibilities are also regulated and controlled by rules and standards promulgated by American Institute of Certified Public Accountants (AICPA).

30. Pursuant to Defendant's uniform employment policies, Uncertified Audit Associates were paid on a salary basis, irrespective of the hours actually worked. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week per day.

31. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

32. As such, Uncertified Audit Associates, including Plaintiff and the members of the Class, have been wrongfully classified by Defendant, and are not exempt from the requirement of premium overtime pay.

33. Accordingly, in violation of the FLSA, Plaintiff and the members of the Class have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the forty (40) hour workweek.

34. Defendant was aware, or should have been aware, that federal law required it to pay Plaintiff and the Class members an overtime premium for hours worked in excess of 40 per week.

35. Notwithstanding their job duties, Defendant classified Plaintiff and the Class members as exempt employees in an attempt to avoid paying them overtime compensation.

36. Defendant's failure to pay Plaintiff and the Class members overtime wages for their work in excess of 40 hours per week was willful.

37. Defendant's unlawful conduct has been widespread, repeated, and consistent.

38. In sum, as part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time that Plaintiff and the Class members have worked for the benefit of Defendant;

    b. willfully misclassifying Plaintiff and the Class members as exempt from the requirements of the FLSA; and

    c. willfully failing to pay Plaintiff and the Class members overtime wages for hours that they worked in excess of 40 hours per week.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b).

40. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former Uncertified Audit Associates who work or worked for Defendant's Audit and Enterprise Risk Services Line (Audit Assistants, Audit Senior Assistants, Audit In-Charges, and Audit Seniors - positions referred to by Defendant at various times inter alia as "Staff," "Staff Accountants," "Associates ," "Assistants," "Semis," "In charges", "Senior Assistants," "Senior Associates ," and "Seniors") and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class" or "Class").

41. Defendant is liable under the FLSA for failing to compensate Plaintiff and the Class members properly. Upon information and belief, there are many similarly situated current and former employees of Defendant who have improperly paid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the

opportunity to join the present lawsuit. These similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

42. Notice of the pendency and any resolution of this action can be provided to the Nationwide Collective Class by mail, print, and/or internet publication and should be provided pursuant to 29 U.S.C. § 216(b).

## COUNT I

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***

**On behalf of Plaintiff and the Nationwide Collective Class)**

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

45. At all times relevant, Plaintiff and the members of the Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the Class.

47. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. At all times relevant, Plaintiff and the members of the Class were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

49. Defendant employed Plaintiff and the members of the Class as their employer.

50. Defendant failed to pay Plaintiff and the members of the Class the overtime

wages to which they are entitled under the FLSA.

51. Defendant failed to keep accurate records of time worked by Plaintiff and the members of the Class.

52. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

53. Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the Class.

54. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a result of Defendant's violations of the FLSA, Plaintiff and the members of the Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. A Declaration that Defendant has violated the FLSA;

B. At the earliest possible time, an Order designating this lawsuit as a collective action and ordering the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. An Order appointing Plaintiff as Class Representative to represent the members of

the Class;

D. An Order enjoining Defendant from any further violations of the FLSA;

E. Compensatory claims for overtime and all other statutory remedies permitted;

F. An additional and equal amount as liquidated damages under the FLSA;

G. Prejudgment and postjudgment interest, as provided by law;

H. An Order awarding attorneys' fees and costs;

I. Equitable and injunctive relief; and

J. All other relief as the Court deems just.

DATE: April __, 2011

**WYNNE LAW FIRM**

_____
Edward J. Wynne
Attorneys for Plaintiff Jason James, individually
and on behalf of all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and counts existing in this lawsuit.

DATE: April __, 2011

**WYNNE LAW FIRM**

_____
Edward J. Wynne
Attorneys for Plaintiff Jason James, individually
and on behalf of all others similarly situated